UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DALE R. MARTIN, #246726,

       Petitioner,

                                  CASE NO. 2:10-CV-14076
v.                                 HONORABLE GERALD E. ROSEN

KENNETH MCKEE,

       Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING THE MOTION FOR EQUITABLE TOLLING,
DENYING A CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

Michigan prisoner Dale R. Martin ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state criminal sentences. He asserts that he is entitled to habeas relief because the trial court mis-scored the state sentencing guidelines, relied upon inaccurate information in imposing his sentence, and violated his Sixth Amendment rights. Petitioner has also filed a motion for equitable tolling acknowledging that his petition is untimely but requesting that this Court consider his claims because he is untrained in the law, has learning disabilities, is bi-polar, and takes anti-depressants.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court

1

determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *Id.*, *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases. No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

After undertaking the review required by Rule 4, the Court finds that Petitioner is not entitled to federal habeas relief on his claims and denies the petition, as well as his motion for equitable tolling. The Court also denies a certificate of appealability and denies Petitioner leave to proceed *in forma pauperis* on appeal.

## II.     Facts and Procedural History

Petitioner pleaded no contest to armed robbery, Mich. Comp. Laws § 750.529, assault with intent to commit murder, Mich. Comp. Laws §750.83, and assault with a dangerous weapon, Mich. Comp. Laws § 750.82, in exchange for the dismissal of first-degree home invasion, unlawfully driving away an automobile, and fourth habitual offender charges, in the Monroe County Circuit Court. He was sentenced to concurrent terms of 37 ½ years to 75 years imprisonment on the armed robbery and assault with intent to commit murder convictions and two years eight months to four years imprisonment on the assault with a dangerous weapon conviction in 2008.

Petitioner filed an application for leave to appeal with the Michigan Court of Appeals raising the same issues presented on habeas review. The court denied leave to appeal for lack of merit in the grounds presented. *People v. Martin*, No. 287270 (Mich. Ct. App. Sept. 25, 2008) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Martin*, 483 Mich. 855, 759 N.W.2d 8 (Jan. 9, 2009). Petitioner filed his federal habeas petition on October 12, 2010.

## III. Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

## IV. Analysis

Petitioner asserts that he is entitled to habeas relief because his state sentencing guidelines were mis-scored, his sentence was based upon inaccurate information, and he was sentenced in violation of his Sixth Amendment rights. Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review, unless the petitioner can show that the

3

sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Petitioner's sentences are within the statutory maximums. *See* Mich. Comp. Laws §§ 750.529, 750.83, 750.82. Sentences imposed within the statutory limits are generally not subject to federal habeas review. *See Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Lucey*, 185 F. Supp. 2d at 745; *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).

Petitioner first asserts that he is entitled to habeas relief because the trial court erred in scoring Offense Variables 4 and 12 under the state sentencing guidelines. This claim, however, is not cognizable on federal habeas review because it is basically a state law claim. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Cheatham v. Hosey*, 12 F.3d 211, 1993 WL 478854, *2 (6th Cir. Nov.19, 1993) (ruling that departure from state sentencing guidelines is a state law issue which is not cognizable on federal habeas review); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001). Any error in scoring the offense variables and determining the guideline range does not merit habeas relief. State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief does not lie for perceived errors of state law. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Petitioner has thus failed to state a claim upon which relief may be granted as to this issue.

Petitioner relatedly asserts that he is entitled to habeas relief because his sentence was based upon inaccurate information. A sentence may violate federal due process if it is carelessly or

deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *See Townsend*, 334 U.S. at 741; *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (defendant must have a meaningful opportunity to rebut contested sentencing information). To prevail on such a claim, a petitioner must show that the court relied upon the allegedly false information. *See United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992).

Petitioner has made no such showing. First, he admits that he had a sentencing hearing and that he challenged the scoring of the disputed offense variables at that time. Second, he states that any correction of the guideline range would not change his minimum guideline score. Petitioner thus failed to establish that the trial court relied upon materially false or inaccurate information in imposing his sentence which he had no opportunity to correct. He has also not shown he was prejudiced by any state law error or miscalculation. Habeas relief is not warranted on this claim.

Lastly, Petitioner asserts that he is entitled to habeas relief because the trial court violated his Sixth Amendment right to a trial by jury by using factors to score the guidelines which had not been proven to a jury beyond a reasonable doubt or admitted by him. Petitioner cites *Blakely v. Washington*, 542 U.S. 296 (2004), in support of his position. However, his claim that Michigan's sentencing guideline system, where judge-found facts are used to establish the minimum sentence of an indeterminate sentence, violates the Sixth Amendment has been foreclosed by the Sixth Circuit's decision in *Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009) ("[The petitioner] argues that the Michigan trial judge violated *Apprendi* by finding facts that raised his minimum sentence. But *Harris v. United States* tells us that *Apprendi*'s rule does not apply to judicial factfinding that increases a minimum sentence so long as the sentence does not exceed the

applicable statutory maximum."); *see also Montes v. Trombley*, 599 F.3d 490, 495 (6th Cir. 2010) (the *Blakely-Apprendi* rule requiring any fact that increases the penalty for a crime beyond the prescribed statutory maximum to be submitted to a jury and proved beyond a reasonable doubt does not apply to laws that set the maximum sentence by statute but that permit a judge to determine the minimum sentence through judicial factfinding, and does not preclude a judge from utilizing the preponderance-of-the-evidence standard when finding facts related to sentencing). This Court is bound by the Sixth Circuit's decisions. Because Petitioner's sentences are within the statutory maximum penalties of life in prison (for armed robbery and assault with intent to commit murder) and four years in prison (for assault with a dangerous weapon), which were not enhanced by judicial factfinding, no Sixth Amendment violation occurred. Petitioner has failed to state a claim upon which relief may be granted as to this issue.

## V.     Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the sentencing claims contained in his petition and the petition must be denied. Given this determination, the Court further concludes that Petitioner's motion for equitable tolling has been rendered unnecessary and moot.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude

the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id*. at 336-37. Having done so, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. No certificate of appealability is warranted. Nor should Petitioner be granted leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE** and that the motion for equitable tolling is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and leave to proceed *in forma pauperis* on appeal is **DENIED**.


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: October 22, 2010

I hereby certify that a copy of the foregoing document was served upon Dale R. Martin, #246726, Bellamy Creek Correctional Facility, 1727 W. Bluewater Highway, Ionia, Michigan 48846 on October 22, 2010, by ordinary mail.

s/Ruth A. Gunther
Case Manager